UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-CV-23181-WILLIAMS/TORRES

RANDALL NOON, as Personal Representative of the Estate of KAREN NOON, Deceased,

Plaintiff(s),

v.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant(s).

______________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INITIAL REQUEST FOR PRODUCTION**

Plaintiff, RANDALL NOON, as Personal Representative of the Estate of KAREN NOON, Deceased, by and through undersigned counsel files his response to Defendant's Request for Production dated May 9, 2018 and as to each numbered paragraph states:

1. Any and all medical bills, hospital bills, dental bills, nursing bills, drug bills, pharmaceutical bills, appliances incidental to medical care; ambulance and other mode of transportation relating to medical services and any other bills which allegedly support the Plaintiff's claim for damages.

**RESPONSE: See attached.**

2. Any and all hospital records, medical records, x-ray films, CT-scans, MRIs, radiological studies, radiological reports, or dental records of any treating and/or examining physician or health care provider concerning KAREN NOON's mental and physical condition as alleged in Plaintiff's Complaint.

**RESPONSE: See attached.**

EXHIBIT
tabbies
3

3. Any and all hospital records, medical records, x-ray films, CT-scans, MRIs, radiological studies, radiological reports, or dental records of any treating and/or examining physician or health care provider concerning KAREN NOON's mental and physical condition for the past ten (10) years.

**RESPONSE: None in Plaintiff's possession.**

4. Laser color copies of all photographs and videos that are pertinent to the event sued upon, including but not limited to, photographs of the decedent prior to the incident, photographs evidencing accomplishments of the decedent taken within five (5) years preceding his/her demise or photographs contained in family albums.

**RESPONSE: None at this time.**

5. Any photographs, motion pictures, charts, or other documents of any factual nature depicting any evidence in this case.

**RESPONSE: None at this time.**

6. Any and all documents supporting Plaintiffs' allegations in Complaint.

**RESPONSE: See attached medical records.**

7. Any and all statements made by this Defendant, its agents or employees, that are in the possession or control of the Plaintiff or Plaintiff's attorneys, servants, employees or agents regarding the issues raised by the Complaint.

**RESPONSE: No written or recorded statements in Plaintiff's possession.**

8. Any and all statements obtained from witnesses, whether written, recorded or transcribed, in connection with this lawsuit.

**RESPONSE: Objection, work product. Without waiving the objection, none in Plaintiff's possession.**

9. Any and all records pertaining to payments made to the Plaintiff or on behalf of the decedent by or pursuant to the following:

A. the United States Social Security Act; any federal, state or local disability act; or any other public programs providing medical expenses, disability payments or other similar benefits;

**RESPONSE: None at this time.**

B. any health, sickness or disability income insurance, and any other similar benefits;

**RESPONSE: None at this time.**

C. Any other public program providing medical expenses, disability payments, or other similar benefits;

**RESPONSE: None at this time.**

D. Any other insurance benefits except life insurance benefits available to Plaintiff whether purchased by them or provided by others;

**RESPONSE: None at this time.**

E. any contract or agreements of any group, organization, partnership or corporation to provide, pay for, or reimburse costs of hospital, medical or other health care services;

**RESPONSE: None in Plaintiff's possession.**

F. any contractual or voluntary wage contribution plan provided by any employers of the Plaintiff or any other system intended to provide wages during any period of alleged disability of such individual.

**RESPONSE: None in Plaintiff's possession.**

10. True copies of any and all IRS filings, Federal and State Income Tax Returns, including W-2 and 1099 forms of the decedent and any and all business records, paid receipts and other documents in the possession, custody or control of the Plaintiff indicating gross income, including self-employment, employment, salaries, commissions, bonuses, investments, credits and/or reimbursements for business expenses, for the past ten (10) years, together with and in addition to income to date for KAREN NOON. If any such return is not in the possession of the Plaintiff, please provide written authorization in such form as required by the applicable taxing authority.

**RESPONSE: Documents will be provided in a supplemental response.**

11. True copies of all records of the decedent's salary wages, earnings, commissions, or other forms from any and all sources for the past ten (10) years. If said records are not in the possession of the Plaintiff, please provide written authorization to obtain such from the holder.

**RESPONSE: None in Plaintiff's possession.**

12. Reports of any and all expert witnesses which you intend to call as a witness at the trial of this matter and who have been employed or retained by you, your agents, servants, or attorney, prepared in support of your claim for damages herein.

**RESPONSE: None at this time.**

13. All documents, reports, correspondence, or other written memorandum expressing opinions of any healthcare provider pertaining to the care and treatment rendered to the decedent or alleged in the Complaint.

**RESPONSE: See attached medical records.**

14. All documents which refer or relate to any other lawsuits where Plaintiff or decedent has ever been a party, witness or rendered testimony.

**RESPONSE: None.**

15. All documents relied upon in compiling your Complaint and response to the Interrogatories and Request for Production.

**RESPONSE: Plaintiff objects to this request as overbroad in time and scope and vague, and requiring disclosure of work product.**

16. Any and all policies of insurance (including but not limited to Medicare, Medicaid, HMOs, PPOs, insurance companies, employers, self-insured medical or hospital coverage plans) in force on the date of the incident complained of herein that may provide coverage to KAREN NOON for the injuries as alleged by Plaintiff in his/her Complaint.

**RESPONSE: None in Plaintiff's possession.**

17. Any and all documents which purport to support Plaintiff's' allegations of negligence against Defendant.

**RESPONSE: Plaintiff objects to this request as overbroad in time and scope and vague.**

18. Any and all documents which purport to support wage loss claims of KAREN NOON.

**RESPONSE: See Plaintiff's response to Request number 10.**

19. Any and all documentary evidence of prior injury, illness or disease to the part of your body that was allegedly injured as described in Plaintiff's Complaint.

**RESPONSE: Plaintiff objects to this request as overbroad in time and scope and vague. Without waiving the objection, see medical records produced.**

20. Any and all documents which evidence prior lawsuits or claims brought by or filed against Plaintiff or the decedent.

**RESPONSE: None.**

21. Copies of all notice letters sent pursuant to §768.76 Fla. Stat. (2006) by or on behalf of KAREN NOON to any health care providers with respect to unpaid outstanding bills for medical care, treatment, and services allegedly incurred as a result of the within incident.

**RESPONSE: None.**

22. Medical reports, opinions, or other written memoranda from doctors, nurses or other medical practitioners, or expert witnesses containing information concerning the alleged injuries, damages and cause of death of the decedent as a result of the subject incident.

**RESPONSE: See attached medical records.**

23. Copies of all statements and/or letters received pursuant to §768.76 Fla. Stat. (2006) KAREN NOON's representatives asserting any health care providers' right of subrogation or reimbursement.

**RESPONSE: See attached.**

24. Copies of any documents that reflect a claim of lien asserted by Medicare, Medicaid or any other federal or state government agency including but not limited to the Department of Health and Rehabilitative Services or any hospital, against the proceeds of any settlement or judgment in favor of the Plaintiff against these Defendants.

**RESPONSE: None.**

25. Copies of any documents that reflect any other claim of lien against the proceeds of any settlement or judgment in favor of the Plaintiff against these Defendants.

**RESPONSE: None.**

26. Copy of any and all health insurance card(s) for any policy providing coverage to decedent.

**RESPONSE: See attached.**

27. Decedent's Death Certificate.

**RESPONSE: See attached.**

28. Autopsy report and all documents related to the autopsy, including handwritten notes.

**RESPONSE: None in Plaintiff's possession.**

29. A copy of the decedent's life insurance policies in effect on the date of the subject incident.

**RESPONSE: None.**

30. Copies of marriage certificates of the decedent and all survivors claiming damages from this Defendant.

**RESPONSE: None at this time.**

31. All adoption documents with respect to each survivor claiming damages in this lawsuit.

**RESPONSE: None.**

32. Probate file of the decedent, including but not limited to the court order appointing the Personal Representative of the Estate.

**RESPONSE: None.**

33. A copy of decedent's Birth Certificate.

**RESPONSE: None at this time.**

34. Birth Certificates of the decedent's survivors.

**RESPONSE: Documents will be provided in a supplemental response.**

35. All divorce decrees pertaining to the decedent.

**RESPONSE: None.**

36. A copy of the decedent's Will in effect on the date of the subject incident.

**RESPONSE: None.**

37. The decedent's estate tax returns, both federal and state.

**RESPONSE: None.**

38. All gift tax returns filed by the decedent during the last ten (10) years of his/her life.

**RESPONSE: None.**

39. All financial statements prepared by the decedent for use by banks, lending institutions, mortgage brokers, etcetera during the past five (5) years.

**RESPONSE: None at this time.**

40. A copy of all canceled checks or any other documents which reflect payment to anyone who worked in (patient's) home or provided any services for (patient) in her home in the past five (5) years.

**RESPONSE: None.**

41. Copies of all W-2s issued to anyone who worked in (patient's) home or provided any services to (patient) in the past five (5) years.

**RESPONSE: None.**

42. A copy of all cancelled checks or any other documents which reflect payment to anyone who worked in (patient's) home or provided any services for (patient) in her home in the past five (5) years.

**RESPONSE: None.**

43. A signed authorization for the release of all medical records wherein the decedent was a patient for the purpose of subpoenaing same during the course of discovery (form attached).

**RESPONSE: Plaintiff objects to this request as irrelevant, overbroad in time and scope and seeks information that is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26 (b) (1) *See also*; *Washington v. Brown & Williamson Tobacco*., 959 F.2d 1566, 1570 (11th Cir. 1992). Plaintiff also objects on grounds that this is not a proper request under Rule 34 of the Federal Rules of Civil Procedure.**

44. Any and all documents to support the following damages claimed in the complaint:

A. Medical, funeral and burial expenses for the decedent;
B. Loss of net accumulations of decedent's estate;
C. Loss of support;
D. Loss of services;
E. Loss of consortium
F. Loss of companionship;
G. Mental pain and suffering;
H. Mental anguish; and
I. Loss of earnings.

**RESPONSE: None at this time.**

45. Any and all financial interests, property and property rights owned by the decedent.

**RESPONSE: Document will be provided in a supplemental response.**

46. All degrees, diplomas, or certificates of achievement or competency of the deceased.

**RESPONSE: None.**

47. All passbooks with respect to all savings account, checking accounts, and Savings and Loan Association accounts, owned by the decedent, solely or jointly as a partner, or joint venture in a business enterprise or owned by any corporation in which decedent has an interest.

**RESPONSE: None.**

48. All check books, check stubs, cancelled checks, and bank statements owned by the decedent, solely or jointly as a partner, or joint venture, in any business enterprise, or owned by any corporation in which decedent has an interest. This request pertains to the thirty-six (36) months prior to the subject incident/accident.

**RESPONSE: None.**

49. The deeds, or copies thereof, to all real property owned by the decedent, solely or jointly as a partner, or joint venture, in any business enterprise, or owned by any corporation in which the decedent had an interest.

**RESPONSE: Document will be provided in a supplemental response.**

50. All corporate securities (stocks and bonds) owned personally by the decedent.

**RESPONSE: None.**

51. The latest available balance sheets and other financial statements in your possession with respect to any and all business enterprises of whatever nature in which the decedent personally or in capacity as a partner or joint venture in any business enterprise.

**RESPONSE: None.**

52. The decedent's accounts receivable ledger or other personal records which set forth the names and addresses of all personal or business enterprises indebted to the decedent personally or in capacity as a partner or joint venture in any business enterprise.

**RESPONSE: None.**

53. Copies of the partnership or corporate income tax returns for any partnership or corporation in which the decedent possessed any ownership interest, whether as a partner, joint venture, stockholder or otherwise.

**RESPONSE: None.**

54. A copy of any and all agreements wherein any party to the agreement has agreed to hold harmless or indemnify or share a diminished responsibility for damages with any other party.

**RESPONSE: None.**

55. A copy of any and all settlement agreements wherein you agreed with any person, party, insurance carrier or attorney, wherein money was paid, money will be paid, or may be paid to anyone as a result of the subject accident/incident.

**RESPONSE: None.**

56. Any correspondence sent to or received by the Plaintiff from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

**RESPONSE: None in Plaintiff's possession.**

Dated: January 23, 2019
Miami, Florida

Respectfully submitted,

**s/PHILIP M. GERSON**
PHILIP M.. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on all attorneys of record on the attached Service List on this January 23, 2019.

BY: Philip M. Gerson
PHILIP M. GERSON

## SERVICE LIST

**NOON v. CARNIVAL CORPORATION**
**United States District Court, Southern District of Florida**
**Case No. 18-CV-23181-WILLIAMS/TORRES**


Philip M. Gerson, Esq.
Florida Bar No. 127290
pgerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
David L. Markel, Esq.
dmarkel@gslawusa.com
Florida Bar No. 78306
Gerson& Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
***Attorneys for Plaintiff***

Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com
Amanda G. Altman
Fla. Bar No. 60885
Email: aaltman@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
***Attorneys for Defendant***