UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23181-WILLIAMS/TORRES

RANDALL NOON, as Personal
Representative of the Estate of
KAREN NOON, Deceased,

Plaintiff(s),

v.

CARNIVAL CORPORATION, a Panamanian
Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant(s).
_______________________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S DAUBERT MOTION (DE 58)**

Plaintiff Randall Noon, as Personal Representative of the Estate of Karen Noon, Deceased, responds briefly to Defendant's "Daubert Motion to Preclude and Exclude all Evidence, Testimony and Argument Concerning Dr. Robert Myerburg's Opinion Regarding Decedent's Life Expectancy that are Based on Insufficient Data and/or Pure Speculation" (DE 58). Carnival, through this ponderously titled motion, seeks to preclude Plaintiff's expert cardiologist, Robert Myerburg, M.D., from testifying to his opinion regarding decedent Karen Noon's life expectancy, an opinion Carnival solicited through its questioning of Dr. Myerburg and which the doctor bases on published governmental life expectancy tables, an established and recognized source of life expectancy data in federal courts.

Dr. Myerburg is a board certified cardiologist who practices at Jackson Memorial Hospital and other facilities in Miami-Dade County, Florida. (DE 55, Deposition of Robert

Myerburg, M.D., July 26, 2019 at 5:4-10:9). He has testified previously in "various cases" on the issue of life expectancy. (DE 55 Myerburg at 40:8-12). While he did not offer any opinion on life expectancy in his expert report, Carnival solicited his opinion on that subject and opened the door by asking him expressly at deposition whether he had "any opinions regarding the life expectancy of Ms. Noon?" Once directly asked, Dr. Myerburg responded that he did. (DE 55 Myerburg at 35:7-12).

Dr. Myerburg based this opinion on published governmental data, in particular the "United States Life Tables" from "Medicare or Social Security," which contained "age and gender-related added years of life expectancy for individuals, pick an age and they'll give you the number." (DE 55 Myerburg at 38:22-39:5). He acknowledged that Ms. Noon suffered from COPD, which would cause her life expectancy to be "somewhat reduced" from that listed in the tables applicable to the general population. (DE 55 Myerburg at 39:6-9). However, based on the "material [he had] reviewed more recently," including Jackson Memorial Hospital records, the deposition of Ms. Noon's husband Randall Noon, and deposition summaries for the depositions of Ms. Noon's daughters Juanita Noon and Melissa Lenard Noon (transcripts of which were not yet available at the time of Dr. Myerburg's deposition), Dr. Myerburg concluded that Ms. Noon's COPD was in a "chronic stable state," "virtually asymptomatic ... except when she got a superimposed problem ... ," such as her condition during "the last few days on the ship where she deteriorated but responded to oxygen" or a previous episode when she had " a viral infection of some type in the past where she required supplemental oxygen at home for a period of time." When not suffering from an acute exacerbation requiring supplemental oxygen, Ms. Noon "went

back to her baseline of functioning perfectly normally." (DE 55 Myerburg at 35:17-36:15). Based on Ms. Noon's having as a baseline "minimally symptomatic COPD" with a "lack of symptomology from her COPD," Dr. Myerburg concluded that any reduction in life expectancy caused by her COPD would be "relatively small ... . a year or two difference on average." DE 55 Myerburg at 39:6-15). Thus, Dr. Myerburg concluded that the life expectancy figure for Ms. Noon derived from the published governmental life tables would apply to Ms. Noon, with only a "relatively small" downward adjustment to account for her having a baseline "minimally symptomatic" COPD.

Reliance on standard published life expectancy tables, such as those published by the United States government on which Dr. Myerburg relies, is a recognized method of evaluating life expectancy in federal courts, even where there are potential complicating factors arguably warranting adjustment of the generally applicable statistics. *See*, *e.g.*, *Myers-Clark v. Frahler Electric Co.*, 2007 U.S. Dist. LEXIS 98456 at *3-4, 2007 WL 189248 (W.D. Wa. Case No. C05-5553 JKA, January 22, 2007)(rejecting challenge to a life expectancy opinion based on an insurance commissioner's life expectancy tables and holding that the issue of the decedent's "alleged smoking and drug use habits are fair matters for cross-examination, but not fatal to Dr. Bassett testifying as an expert on life expectancy issues."); *Weirich v. Horst Realty Co., LLC*, 2009 U.S. Dist. LEXIS 130160 at ** 20-24, 2009 WL 920960 (E.D. Pa. Civil Action No. 07-cv-871, March 27, 2009)(rejecting argument that *Daubert*[1] required exclusion of a work life expectancy opinion based on statistics for the general population published in a journal of legal

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993).


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

economics, despite a suggestion that the generally applicable work life expectancy had to be reduced because Weirich had multiple sclerosis); *Charter Practices International, LLC v. Robb*, 2015 U.S. Dist. LEXIS 191476 at **17-18, 2015 WL 13000251 (D. Conn. Case No. 3:12-cv-1768 (RNC), March 31, 2015), *citing Earl v. Bouchard Transportation Co.*, 735 F. Supp. 1167, 1175 (E.D.N.Y. 1990)(expert could give opinion on work life expectancy based on vital statistics reports from the United States Department of Health and Human Services since "Statistical charts, such as the mortality tables and the work-life expectancy tables prepared by the United States Department of Labor ... are often deemed authoritative.").

In this case, Dr. Myerburg has properly relied on published governmental mortality tables to estimate Ms. Noon's life expectancy had she survived her voyage on Carnival's vessel. This is an accepted methodology, compliant with *Daubert*, as noted above. Based on his review of Ms. Noon's medical records and family deposition accounts of her condition, together with his experience as a board certified cardiologist, Dr. Myerburg concluded that Ms. Noon's "minimally symptomatic" and "stable" COPD would only have modestly reduced her life expectancy from the statistical average. While Carnival may and presumably will challenge Dr. Myerburg's opinion on cross-examination, disagreement as to the effect of Ms. Noon's COPD on her life expectancy is not a ground for excluding a life expectancy opinion based on authoritative and generally recognized statistics, just as it was not in *Myers-Clark* and *Weirich*. The life expectancy opinion Carnival solicited from Dr. Myerburg passes the *Daubert* reliability test and should be admitted. Carnival's motion to exclude it should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
Attorneys for Plaintiffs

**SERVICE LIST**

Philip M. Gerson, Esq.
Florida Bar # 127290
E-mail: pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar # 20899
E-mail: ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar # 346721
E-mail: eschwartz@gslawusa.com
Attorneys for Plaintiff
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145

Marc J. Schleir
Florida Bar # 389064
E-mail: MSchleir@fowler-white.com
E-mail: Mjs@fowler-white.com
Christopher Knight
Florida Bar # 607363
E-mail: Cknight @fowler-white.com
Amanda A. Kessler
Florida Bar # 60885
E-mail: akessler@fowler-white.com
Andrew Garrett Tuttle
E-mail: atuttle@fowler-white.com
Katina M. Hardee
E-mail: KHardee@fowler-white.com
Attorneys for CARNIVAL CORPORATION
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131