UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RANDALL NOON, as Personal Representative of the Estate of KAREN NOON, deceased,

Plaintiffs,

v.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant.

CASE NO. 18-cv-23181-Williams/Torres

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**JURISDICTION, VENUE AND PARTIES**

1. Defendant admits that Plaintiff's claim meets the minimum jurisdictional limit. Defendant denies all other allegations in Paragraph 1.

2. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Upon information and belief, Admitted.

5. It is admitted that Carnival is a foreign corporation who does business in Florida and that the *Sensation* is a Panamanian flagged vessel.

6. Defendant admits that personal jurisdiction exists over it in this case.

7. Defendant admits that personal jurisdiction exists over it in this case.

8. Defendant admits that personal jurisdiction exists over it in this case.

9. Defendant denies the allegations of Paragraph 9 as stated. However, Defendant admits that venue is proper.

## PRELIMINARY ALLEGATIONS COMMON TO ALL COUNTS

10. It is admitted that Defendant is a common carrier engaged in the business of selling and operating a cruise line out of various ports within the United States and world.

11. Admitted.

12. Admitted.

13. Denied as stated.

14. Denied as stated. Carnival admits that Mrs. Noon used an oxygen concentrator which required an eclectic outlet to be used. The oxygen concentrator was not portable and could not be used without an available electric outlet.

15. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Denied.

17. Carnival admits that the Sensation was docked at the Miami port. All other allegations are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Upon information and belief, Admitted.

25. Upon information and belief, Admitted.

26. Denied.

27. Denied.

28. Denied as stated.

29. Upon information and belief, Carnival admits the allegations in Paragraph 29.

30. Denied as stated.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

## COUNT I

## VICARIOUS LIABILITY FOR NEGLIGENTY BREACH OF NONMEDICAL CREWMEMBER DUTY TO PROVIDE AID OR ASSISTANCE TO SICK OR INJURED PASSENGERS

36. Defendant readopts and reasserts its responses to Paragraphs 1 through 35 above as though fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**COUNT II**

**NEGLIGENT BREACH OF ASSUMED OR UNDERTAKEN DUTY TO OBTAIN MEDICAL CARE—NONMEDICAL CREW**

52. Defendant readopts and reasserts its responses to Paragraphs 1 through 35 above as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

**COUNT III**

**NEGLIGENT BREACH OF ASSUMED OR UNDERTAKEN DUTY TO OBTAIN MEDICAL CARE –MEDICAL CREW—ACTUAL AUTHORITY**

68. Defendant readopts and reasserts its responses to Paragraphs 1 through 35 above as though fully set forth herein.

69. Admitted.

70. Admitted.

71. Denied.

72. Denied.

73. Admitted.

74. Admitted that Carnival made the decisions determining credentials and qualifications for staffing of its medical center, and paid for and provided all medical equipment, pharmaceuticals, materials and supplies used in the operation of the medical center. Carnival further admits that it determined the hours of operation of the medical center and charged fees for medical equipment and did not share fees with any medical center physician. All other allegations are denied.

75. Admitted.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied as stated.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT IV

## NEGLIGENT BREACH OF ASSUMED OR UNDERTAKEN DUTY TO OBTAIN MEDICAL CARE—MEDICAL CREW—APPARENT AUTHORITY

92. Defendant readopts and reasserts its responses to Paragraphs 1 through 35 above as though fully set forth herein.

93. Admitted.

94. Denied as stated.

95. Denied as stated.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied as stated.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## DEMAND FOR JURY TRIAL

The Defendant demands jury trial of all issues so triable as of right.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant affirmatively states as follows:

A. Plaintiff's claims are governed by Florida's wrongful death statute, § 768.21, and

any recovery is limited to same.

B. This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract(s), including but not limited to any and all exculpatory provisions such as the contractually agreed upon statute of limitations.

C. The Complaint fails to state a claim upon which relief may be granted.

D. Defendant fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions, if any.

E. The subject doctor and nurses were operating as independent contractors and/or borrowed servants at all times material hereto.

F. Plaintiff's Complaint fails to state a claim for actual or apparent agency against Carnival upon which relief may be granted.

G. This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

H. The damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

I. Defendant states that the injuries and damages alleged were the result, in whole or in part, of the actions/fault of third parties, over whom or which this Defendant had no dominion or control, and that such as the decedent's treating physicians in Florida and Michigan, and that such party/parties was/ere the legal cause of all or part of the damages suffered by the Plaintiff, and to whom this Defendant demands an apportionment under the *Fabre v. Marin* doctrine and § 768.31(3), Florida Statutes. This Defendant may not be subject to a judgment for more than it pro rata share of the overall liability, if any. This Defendant also reserves the right to amend its affirmative defenses to specifically identify culpable non-parties based on future discovery.

J. This Defendant is entitled to all privileges and immunities enjoyed by the tortfeasor under the modification of joint and several liability statutes, as well as all apportionment and periodic payments of judgment statute.

K. Plaintiff's damages, if any, were solely and proximately caused by an intervening and or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

L. Plaintiff failed to seek timely medical treatment for the condition which caused and/or exacerbated her damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

M. The Plaintiff's cause of action is barred in whole or in part, by the assumption of the risk.

N. Defendant states that if the Plaintiff and/or any other person or entity, or respective servants, agents or employees, acting within the scope of their employment or agency, has failed to properly retain and maintain the evidence in this case, this action is barred in whole or in part.

O. All substantive rules and laws of Florida law apply to the Plaintiff's claims herein.

P. The Plaintiff's injuries were the result of a pre-existing injury which was not aggravated by the alleged incident. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, which this Defendant expressly denies, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

Q. Defendant states that Plaintiff is not entitled to recover any damages which could have been mitigated.

R. As to any alleged medical expenses that were contractually reduced, Plaintiff should only be permitted to introduce evidence showing the actual cost of the medical bills and not the unreduced amount. *Thyssenkrupp Elevator Corp. v. Lasky* , 868 So.2d 547 (Fla. 4th DCA 2003), *clarified on rehearing* , 868 So.2d 547 (Fla. 4th DCA 2005).

S. Defendant did not have actual and/or constructive notice of any allegedly dangerous condition, if any, and therefore did not have a duty to warn Plaintiff as to the existence of same.

T. Decedent failed to obtain approval from her physician(s) that she was medically fit to take the cruise in question.

U. Plaintiff's damages were caused by a proximately caused by a superseding act(s) or medical condition of independent origin that was neither foreseeable nor caused by any alleged negligence on the part of Carnival. Therefore, Carnival has no liability to Plaintiff. *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836–38 (1996).

V. Plaintiff's damages were caused by the refusal of decedent and/or members of her family to follow instructions on the ship with regard to seeking medical treatment and/or permitting the ship's medical personnel to timely evaluate the decedent, which delayed the provision of medical treatment to decedent.

W. This Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Katina M. Hardee
Katina M. Hardee

**SERVICE LIST**

CASE NO. 18-cv-23181-WILLIAMS/TORRES

Philip M Gerson, Esq.
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
E-Mail: pgerson@gslawusa.com;
zdiaz@gslawusa.com
Telephone: (305) 371-6000