UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23181-WILLIAMS/TORRES

RANDALL NOON, as Personal
Representative of the Estate of
KAREN NOON, Deceased,

Plaintiff(s),

v.

CARNIVAL CORPORATION, a Panamanian
Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant(s).
_______________________________________________/

**PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Plaintiff Randall Noon, as Personal Representative of the Estate of Karen Noon, Deceased, moves in limine as follows:

1. **Legal Opinions by Defendant's Medical Expert Robert C. Hyzy, M.D. Should be Excluded** - Robert C. Hyzy, M.D. on July 14, 2019 submitted what purports to be an expert medical report on behalf of Defendant Carnival Corporation, a copy of which is attached as Exhibit 1. Dr. Hyzy's report, however, contains no medical expert opinion. Dr. Hyzy offers no comment on the medical or nursing care provided to decedent Karen Noon, does not state whether that care did or did not comply with any applicable standards of care, and does not offer any opinion as to whether any Carnival crewmembers, either those from the medical and nursing staff or those from other departments, acted negligently or not. Dr. Hyzy instead offers a legal, not a medical opinion; he concludes, based on his understanding of the lay deposition testimony,

that no "physician patient encounter" or "medical relationship" was created. He concludes that since no medical relationship between Ms. Noon and Carnival or its crew was created, no medical negligence could have occurred.

Dr. Hyzy's conclusion, however, was based purely on an attempted legal analysis that the facts as he understood them did not give rise to a medical relationship, and not on any analysis of the medical care itself. Dr. Hyzy is not and does not claim to be a lawyer and is not qualified to give a legal opinion as to whether a particular set of transactions between health care providers and individuals requesting the use of medical equipment does or does not create a medical relationship triggering duties of medical care. These legal issues have been addressed extensively in Carnival's Motion for Summary Judgment and previous filings, and addressed by the Plaintiff in her responses thereto (DE 50, 61). The Plaintiff also notes that she has disputed and will dispute many of the factual assumptions on which Dr. Hyzy relies for his legal opinion that no medical relationship existed (DE 62).

While Federal Rule of Evidence 704 does allow experts to offer opinions on an ultimate issue, where that opinion is relevant and supported by the evidence and the expert is qualified to give it, experts who are not lawyers may not act as additional members of a party's legal team and may not offer legal opinions. A witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *see Plott v. NCL America, LLC,* 2019 U.S. App. LEXIS 27066 *9, 2019 WL 4254697 (11th Cir. Case No. 19-10109, September 9, 2019)(following *Montgomery* and holding that an expert opinion that certain conduct by NCL

was "unreasonable" was an inadmissible legal conclusion); *Quevedo v. Iberia Lineas Aereas de Espana S.A. Operadora Unipersonal*, 2018 U.S. Dist. LEXIS 174771 *17, 2018 WL 4932097 (S.D. Fla. Case No. 17-21168-CV-SCOLA/TORRES, October 11, 2018), *citing United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1997)("[C]ourts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law"). The principle that non-legal experts may not testify to legal conclusions reserved for argument by lawyers and resolution by the court has been applied specifically to prohibit physicians from offering the legal opinion whether a certain set of circumstances has created a physician-patient relationship. *See Rogers v. Hierholzer*, 2018 U.S. Dist. LEXIS 218108 **12-13 (W.D. Tex., San Antonio Division, Case No. SA-16-CV-01171-FB, December 28, 2018)("Dr. Mathis's knowledge, skill, experience, training and education do not appear to qualify him to render an opinion on the legal standard for the formation of a physician-patient relationship; nor is he permitted to give such a legal conclusion ... [the opinion] falls into the gray area where ultimate issues of fact track closely with legal conclusions and therefore invade the province of the jury.").

In light of the principle that issues of law are to be argued by lawyers and resolved by the Court, not by experts, Dr. Hyzy should not be allowed to offer his opinion that the circumstances of Ms. Noon's voyage, as he understands them, did not create a physician-patient or other medical relationship. His opinion should be limited to those medical matters on which he may be qualified to comment.

**WHEREFORE**, the Plaintiff requests a ruling in limine preventing Dr. Hyzy from offering a legal opinion as to the existence or nonexistence of a physician-patient or other medical relationship under the circumstances of this case.

2. **Irrelevant Medical History of the Decedent Karen Noon should be Excluded from Evidence** - During questioning of decedent Karen Noon's treating physicians and former family practitioners, Carnival engaged in extensive questioning regarding Ms. Noon's medical history back to the early 1990's and even earlier. This questioning established that Ms. Noon had several relatively common chronic health conditions, such as high cholesterol and Type 2 diabetes, and migraine headaches. She also was a smoker who developed chronic obstructive pulmonary disease (COPD), presumably from smoking. Ms. Noon's having COPD is relevant to the extent that she required supplemental oxygen during her cruise due to having a COPD exacerbation. Otherwise, Ms. Noon's underlying state of health is not relevant to any issue of liability or damages, and Carnival's experts have not suggested that it is. Carnival was required to deal with Ms. Noon's medical emergency as it presented itself, regardless of her previous state of health. *Cf. Whitehead v. Linkous*, 404 So.2d 377, 379 (Fla. 1st DCA 1981)(Whitehead's consumption of alcohol and drugs merely "furnished the occasion" for Dr. Linkous' negligence in failing to treat Whitehead's overdose); *Riedel v. Sheraton Bal Harbour Association*, 806 So.2d 530, 533-34 (Fla. 3d DCA 2001)(failure by Riedel, a diabetic, to monitor her blood sugar or take insulin "simply provided the occasion" for negligence in treating her condition and was not comparative negligence on her part). Therefore, evidence of her state of health prior to her

voyage on Carnival's vessel, other than her COPD requiring supplemental oxygen, is irrelevant and should be excluded.

**WHEREFORE,** the Plaintiff requests an order in limine excluding evidence of and argument before the jury concerning Ms. Noon's chronic health conditions other than COPD.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(a)(3) of this Court that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
Attorneys for Plaintiffs

**SERVICE LIST**

Philip M. Gerson, Esq.
Florida Bar # 127290
E-mail: pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar # 20899
E-mail: ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar # 346721
E-mail: eschwartz@gslawusa.com
Attorneys for Plaintiff
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145

Marc J. Schleir
Florida Bar # 389064
E-mail: MSchleir@fowler-white.com
E-mail: Mjs@fowler-white.com
Christopher Knight
Florida Bar # 607363
E-mail: Cknight @fowler-white.com
Amanda A. Kessler
Florida Bar # 60885
E-mail: akessler@fowler-white.com
Andrew Garrett Tuttle
E-mail: atuttle@fowler-white.com
Katina M. Hardee
E-mail: KHardee@fowler-white.com
Attorneys for CARNIVAL CORPORATION
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131