UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23181-WILLIAMS/TORRES

RANDALL NOON, as Personal Representative of the Estate of KAREN NOON, Deceased,

Plaintiff(s),

v.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant(s).
_______________________________________________/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (DE 71) TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE (DE 69)**

Plaintiff Randall Noon, as Personal Representative of the Estate of Karen Noon, Deceased, replies briefly to Defendant's Response of October 21, 2019 (DE 71) to Plaintiff's Omnibus Motion in Limine of October 7, 2019 (DE 69).

**Legal Opinion Offered by Nonlawyer Robert C. Hyzy, M.D.**

Carnival argues that its medical expert, Robert C. Hyzy, M.D., should be allowed to opine that no physician-patient relationship between Carnival and decedent Karen Noon was created, because the existence of a physician-patient relationship is relevant to the Plaintiff's cause of action. As explained in the Plaintiff's motion and not rebutted in Carnival's response, however, the existence of a physician-patient or other medical relationship is not an issue upon which Dr. Hyzy is qualified to comment. A nonlawyer witness, even one qualified as an expert in a non-legal field, "may not testify to the legal implications of conduct; the court must be the

jury's only source of law." *Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *Plott v. NCL America, LLC*, 2019 U.S. App. LEXIS 27066 *9, 2019 WL 4254697 (11th Cir. Case No. 19-10109. September 9, 2019); *Quevedo v. Iberia Lineas Areas de Espana S.A. Operadora Unipersonal*, 2018 U.S. Dist. LEXIS 174771 *17, 2018 WL 4932097 (S.D. Fla. Case No. 17-21168-CV-SCOLA/TORRES, October 11, 2018)("an expert witness may not substitute for the court in charging the jury regarding the applicable law").

The existence of a medical relationship under the facts of this case, to the extent it is relevant, is a legal issue already extensively briefed by the parties in Carnival's serial motions to dismiss and motion for summary judgment and Plaintiff's responses thereto. Carnival, through its crewmember and onboard medical center nurse Rosel Ursua, provided the Noon family with medical equipment, an oxygen concentrator. Nurse Ursua provided this medical equipment for a medical purpose disclosed by the Noon family and accordingly actually known to Carnival, assisting Ms. Noon with breathing. The provision of medical equipment for a known medical purpose creates a medical relationship between the medical personnel providing the equipment and the patient using it. *Cf. San Antonio Extended Medical Care, Inc. v. Vasquez*, 327 S.W.3d 193, 198-200 (Tex. App. 2010)(company licensed to provide supplemental oxygen and oxygen equipment to home health care patients was a health care provider for purposes of Texas law). Thus, as a matter of law, there was a medical relationship between Carnival, acting through nurse Ursua, and Ms. Noon. Dr. Hyzy's opinion as a nonlawyer on this issue is irrelevant and should be excluded.

Furthermore, the Plaintiff notes that the claims against Carnival are not limited to claims of medical negligence alone. The Plaintiff has also pled claims for the material negligence of Carnival's non-medical crew. For example, an unidentified crewmember, who may or may not have been calling from the medical center and may or may not have been medically trained, called the Noon family at approximately 7:00 A.M. on the morning the ship arrived in port in Miami and informed the Noon family through Ms. Noon's daughter Juanita Noon that the oxygen concentrator provided by Carnival the previous evening had to be returned because "they had to account for all their equipment." (DE 52, Deposition of Juanita Noon, July 25, 2019 at 76:20-77:5). Juanita Noon then requested a portable oxygen system to substitute for the concentrator and also informed the crewmember that "I guess we're going to go to the ER as soon as we get off the ship." (Juanita Noon at 77:6-12). Despite being informed of the emergency nature of the situation and Ms. Noon's continued need for assistance in breathing, the crewmember took no steps to summon readily available emergency services, provide portable oxygen, or even to communicate the existence of an obvious emergency to other crewmembers. For this and other reasons explained at length in Plaintiff's Responses to Defendant's Motion for Summary Judgment and Statement of Material Facts (DE 61, 62), the Plaintiff has claims in this case for non-medical as well as medical negligence.

**Karen Noon's Irrelevant Medical History**

The Plaintiff has moved in limine to exclude evidence of various relatively common medical conditions documented in Ms. Noon's medical records, such as Type 2 Diabetes and high cholesterol. Carnival argues that these conditions are relevant to determining Ms. Noon's


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

life expectancy. The medical testimony on life expectancy, solicited by Carnival from Plaintiff's medical expert Robert Myerburg, M.D., was that Ms. Noon's chronic COPD condition would have "somewhat reduced" her life expectancy. Due, however, to the relatively stable nature of the COPD as documented by the available medical records, the effect of Ms. Noon's COPD on her life expectancy would be "relatively small," only " a year or two difference on average." (Deposition of Robert Myerburg, M.D., at Page 39 Lines 6-15). The Defendant has not rebutted this testimony.

Carnival was required to deal with Ms. Noon's medical emergency as it presented itself, regardless of her previous state of health. *Cf. Whitehead v. Linkous*, 404 So.2d 377, 379 (Fla. 1st DCA 1981)(Whitehead's consumption of alcohol and drugs merely "furnished the occasion" for Dr. Linkous' negligence in failing to treat Whitehead's overdose); *Riedel v. Sheraton Bal Harbour Association*, 806 So.2d 530, 533-34 (Fla. 3d DCA 2001)(failure by Riedel, a diabetic, to monitor her blood sugar or take insulin "simply provided the occasion" for negligence in treating her condition and was not comparative negligence on her part). Therefore, as explained in Plaintiff's Motion in Limine, evidence of Ms. Noon's state of health prior to her voyage on Carnival's vessel, other than her having COPD and requiring supplemental oxygen for a COPD exacerbation, is irrelevant and should be excluded.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the

below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
Attorneys for Plaintiffs

**SERVICE LIST**

Philip M. Gerson, Esq.
Florida Bar # 127290
E-mail: pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar # 20899
E-mail: ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar # 346721
E-mail: eschwartz@gslawusa.com
Attorneys for Plaintiff
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145

Marc J. Schleir
Florida Bar # 389064
E-mail: MSchleir@fowler-white.com
E-mail: Mjs@fowler-white.com
Christopher Knight
Florida Bar # 607363
E-mail: Cknight @fowler-white.com
Amanda A. Kessler
Florida Bar # 60885
E-mail: akessler@fowler-white.com
Andrew Garrett Tuttle
E-mail: atuttle@fowler-white.com
Katina M. Hardee
E-mail: KHardee@fowler-white.com
Attorneys for CARNIVAL CORPORATION
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131