UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23181-WILLIAMS/TORRES

RANDALL NOON, as Personal Representative of the Estate of KAREN NOON, Deceased,

Plaintiff(s),

v.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES,

Defendant(s).
_______________________________________/

**PLAINTIFF'S TRIAL MEMORANDUM OF LAW - DEPOSITION DESIGNATIONS**

Plaintiff Randall Noon, as Personal Representative of the Estate of Karen Noon, Deceased, through counsel submits this brief memorandum of law to explain certain objections the Plaintiff has made to deposition testimony designated by the Defendant.

**Evidence of Surviving Spouse's Relationship**

The Defendant has designated portions of a deposition it took of one Stacey Patten. (DE 87-4, designations from deposition of Stacey Patten, May 30, 2019). Ms. Patten testified that as of November, 2018, decedent Karen Noon's surviving spouse Randall Noon lives with her. (DE 89-4 at 6:4-10, 11:17-25). Mr. Noon, however, has not remarried after Karen Noon's death and has expressed no intention to marry Ms. Patten or anyone else in the future.

Florida wrongful death law does allow evidence of a surviving spouse's remarriage to be introduced before the jury. Remarriage does not, however, mitigate any of the noneconomic or economic elements of the surviving spouse's damages. *See Smyer v. Gaines*, 332 So.2d 655, 659

(Fla. 1st DCA 1976) (evidence of remarriage of the decedent's spouse is admissible "so that the whole truth be known" but "may not be considered in mitigation of any elements of damage recoverable under the act by the surviving spouse."). Evidence of a mere intention to remarry is even less probative than evidence of an actual remarriage. *See Cedars of Lebanon Hospital Corp. v. Silva*, 476 So.2d 696, 708 n.12 (Fla. 3d DCA 1985)(remanding for a trial court determination whether the probative value of an expressed but unexecuted intention to remarry outweighed its prejudicial value).

In this case Mr. Noon has not remarried and has expressed no intention to marry Ms. Patten or anyone else in the future. Since evidence even of an accomplished remarriage is not admissible in mitigation of any element of the surviving spouse's damages, evidence that the surviving spouse is living with another person, without marriage, will have little or no probative value in this case. Any slight probative value of such evidence will be substantially outweighed by its unfairly prejudicial effect in potentially erroneously suggesting to jurors that Mr. Noon does not mourn the death of his late wife or that he treats whatever relationship he may have with Ms. Patten as an equivalent of a remarriage. *See* Fed. R. Evid. 403 (court may exclude otherwise relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") Accordingly, the Plaintiff has objected to the Defendant's designated references to Mr. Noon's living with, dating, or other relationship with Ms. Patten on grounds of relevancy and limited probative value substantially outweighed by unfair prejudice.

**<u>Testimony of Decedent's Former Health Care Providers</u>**


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

The Defendant has designated excerpts from the deposition testimony of Steven Edmondson, D.O., an osteopathic physician at the Sparrow Medical Group in Saranac, Michigan. (DE 87-5, designations from deposition of Steven Edmondson, D.O., August 16, 2019). The Defendant has also designated excerpts from a deposition of Denise Johnson, a nurse practitioner working at the Sparrow Group. (DE 87-2, designations from deposition of Denise Johnson, August 16, 2019). Dr. Edmondson admittedly has no personal recollection of Mrs. Noon and could testify only by reading into the deposition record excerpts from Mrs. Noon's medical chart about which the Defendant questioned him. (Edmondson at 8:4-10).

Dr. Edmondson and Nurse Johnson were asked repeatedly during their depositions to read portions of the Sparrow medical records documenting advice given to Mrs. Noon to stop smoking, and the Defendant has designated large parts of this testimony. The Plaintiff has objected to these designations on the grounds of relevancy and, pursuant to Rule 403, Federal Rules of Evidence, on the ground of unfair prejudice substantially outweighing any probative value in the record excerpts Dr. Edmonson and Nurse Johnson. Evidence that a plaintiff or decedent was advised to stop smoking but did not has no relevance to any potential defense of comparative negligence or failure to mitigate damage since Carnival was required to deal with Mrs. Noon's medical emergency as it presented itself, regardless of her previous state of health. *Cf. Whitehead v. Linkous*, 404 So.2d 377, 379 (Fla. 1st DCA 1981)(Whitehead's consumption of alcohol and drugs merely "furnished the occasion" for Dr. Linkous' negligence in failing to treat Whitehead's overdose); *Riedel v. Sheraton Bal Harbour Association*, 806 So.2d 530, 533-34 (Fla. 3d DCA 2001)(failure by Riedel, a diabetic, to monitor her blood sugar or take insulin


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

"simply provided the occasion" for negligence in treating her condition and was not comparative negligence on her part).

While the Court has denied the Plaintiff's motion in limine regarding evidence of Mrs. Noon's preexisting health conditions (DE 94), the Court did suggest at calendar call that Plaintiff propose a limiting instruction restricting the use of that evidence to appropriate, relevant purposes. The Plaintiff attaches as Exhibit 1 the form of limiting instruction he intends to propose. Since evidence of Mrs. Noon's preexisting health conditions is relevant only for limited purposes, evidence that she was advised to modify a behavior that may to some unknown extent have contributed to some of those conditions has even less relevance. There is a substantial risk that the jury may consider evidence of Mrs. Noon's being advised to stop smoking for an inappropriate purpose, as evidence of comparative negligence or a failure to mitigate damages rather than simply as evidence relevant to Mrs. Noon's life expectancy. The Plaintiff accordingly has objected on relevancy and Rule 403 grounds as well as hearsay grounds to the designations from Dr. Edmondson's and Nurse Johnson's depositions where they read records concerning advice to stop smoking they or others may have given to Mrs. Noon.

Dated: January 30, 2020

Respectfully submitted,

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

**s/PHILIP M. GERSON**
Philip M. Gerson, Esq.
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar # 20899
ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar # 346721
eschwartz@gslawusa.com
Raul G. Delgado II, Esq.
Florida Bar # 94004
rdelgado@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
Attorneys for Plaintiffs

**SERVICE LIST**
**CASE NO. 18-CV-23181-WILLIAMS/TORRES**

Philip M. Gerson, Esq.
Florida Bar # 127290
E-mail: pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar # 20899
E-mail: ngerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar # 346721
E-mail: eschwartz@gslawusa.com
Raul G. Delgado II, Esq.
Florida Bar # 94004
E-mail: rdelgado@gslawusa.com
Attorneys for Plaintiff
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145

Marc J. Schleir
Florida Bar # 389064
E-mail: MSchleir@fowler-white.com
E-mail: Mjs@fowler-white.com
Christopher Knight
Florida Bar # 607363
E-mail: Cknight @fowler-white.com
Amanda A. Kessler
Florida Bar # 60885
E-mail: akessler@fowler-white.com
Andrew Garrett Tuttle
E-mail: atuttle@fowler-white.com
Katina M. Hardee
E-mail: KHardee@fowler-white.com
Attorneys for CARNIVAL CORPORATION
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131