UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23181-Williams/Torres

RANDALL NOON, as Personal
Representative of the Estate of
KAREN NOON, deceased,

Plaintiffs,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**AMENDED JOINT PROPOSED JURY INSTRUCTIONS**

The parties to this action, Plaintiff, Randall Noon, as Personal Representative of the Estate of Karen Noon, deceased, and Defendant, CARNIVAL CORPORATION, hereby jointly file these Amended Joint Proposed Jury Instructions. Instructions proposed only by the Plaintiff, to which Defendant objects, are underlined; instructions proposed only by the Defendant, to which Plaintiff objects, are *italicized.* Agreed or undisputed instructions are in plain Roman type.

**PROPOSED JURY INSTRUCTION NO. 1**

**3.1 Introduction**

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 2**

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence**:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

*PLAINTIFF'S STATEMENT OF THE CASE*:

Randall and Karen Noon took a cruise on Carnival's passenger cruise ship "Sensation" from July 3, 2017 to July 8, 2017. They were accompanied by family members including their daughters Juanita Noon and Melissa Noon Lenard.

On the last night of the cruise, July 7, 2017 Mrs. Karen Noon had difficulty breathing. Her family members requested a supplemental oxygen system to help her breathe and Carnival agreed to this request.

Randall Noon went to the ship's medical center, without Mrs. Noon, and picked up an oxygen concentrator provided by Rosel Ursua, a nurse working in the ship's medical center. Neither Nurse Ursua nor any other Carnival crewmember asked to examine Mrs. Noon before providing the Noon family with the concentrator, and no Carnival crewmember examined or spoke directly with Mrs. Noon before providing the concentrator.

Mrs. Noon used the oxygen concentrator during the night. The concentrator did improve Mrs. Noon's breathing.

At approximately 7:00 am, as the ship had reached port in Miami, Florida, a Carnival crewmember called the Noon family and instructed them to return the oxygen concentrator Juanita Noon spoke to the crewmember and requested a portable oxygen system to use until hospital transport could be accomplished. The crewmember replied that Carnival did not have a portable oxygen system which it would permit to leave the ship with the Noon family. Juanita Noon advised the crewmember that the Noon family must go to a hospital emergency room as soon as they left the ship. Carnival crew took the oxygen concentrator from the stateroom, but neither provided the Noon family with any substitute oxygen system nor contacted emergency services.

After Carnival retrieved the oxygen concentrator, the Noon family went through Carnival's regular disembarkation procedures including checkout and Customs processing, a process which required over one and a half hours. Juanita Noon informed the guest services clerk during checkout that Karen Noon was having difficulty breathing without the concentrator and that the Noon family intended to go to a hospital emergency room as soon as they disembarked. Carnival provided a crewmember with a wheelchair for Mrs. Noon to use in disembarking but still did not provide a portable oxygen system and still did not contact emergency services.

Shortly after clearing Customs and disembarking, Mrs. Noon went into cardiopulmonary arrest. She sustained severe brain damage before being resuscitated and died the next day at Jackson Memorial Hospital.

Randall Noon depended on his wife for household services such as cooking, cleaning and laundry. He also relied on her to handle all family finances. After her death, he sold the family home.

The Plaintiff is claiming all noneconomic and economic damages available under the Florida Wrongful Death Act.

*DEFENDANT’S STATEMENT OF THE CASE*:

Randall and Karen Noon took a cruise on the CCL ship *Sensation* from July 3, 2017 to July 8, 2017. They were accompanied by their daughters, Juanita Noon and Melissa Lenard, as well as their grandchildren, Makayla Noon, Sage May Lenard, and Elijah Randall Lenard. At the

time of the cruise, Mrs. Noon was a smoker and had chronic obstructive pulmonary disease (COPD), which she had been dealing with for approximately thirty (30) years. Mrs. Noon was also using an inhaler for her condition.

By July 5, 2017, Mrs. Noon began to feel ill and tired, and her breathing was belabored but she did not tell anyone that she wanted to go to the medical center. Mrs. Noon's health over the course of the next two days, July 6-7, 2017, deteriorated to the point that she was struggling to breathe, could not walk and needed a wheelchair. Although she refused to seek medical attention from the ship's medical center, on the evening of July 7, 2017, Mr. Noon and Juanita Noon went to the medical center to pick up an oxygen concentrator for a deposit of $300.00. Nurse Rosel Ursua advised Mr. Noon and Juanita that if they needed medical assistance, they should call 9-1-1. Mrs. Noon used the oxygen concentrator without issue for the remainder of the night.

At approximately 7:00 a.m. on July 8, 2017, after the ship had reached its destination port of Miami, someone called Mrs. Noon's stateroom to advise that the concentrator would be picked up. Juanita Noon asked the person calling about the concentrator whether there were any portable concentrators that could leave the ship, but she was told that Carnival did not have any O2 bottles or portable concentrators. Juanita Noon did not ask the person calling about the concentrator to arrange for an ambulance to meet Mrs. Noon port-side.

After leaving the cabin, Mrs. Noon was doing fine for a while but by the time she got to the Guest Services counter to pay for her onboard account, she was sweating and having trouble breathing. A Guest Services representative commented that Mrs. Noon was not looking good and asked if she was okay. Juanita Noon advised the representative that Mrs. Noon was having trouble breathing and needed to get off of the ship to go the emergency room. The representative made arrangements for someone to escort Mrs. Noon off of the ship in a wheelchair. During the time Carnival personnel was arranging for Mrs. Noon's disembarkation, the Noons did not ask Carnival to have an ambulance waiting port side or to call 9-1-1 because they intended to have the shuttle driver take them to the hospital or, if he could not, they were going to take Mrs. Noon to the hospital once they retrieved their vehicles.

A crewmember then assisted Noon off of the ship in a wheelchair port side. Once Mrs. Noon boarded the shuttle bus, she went into cardiopulmonary arrest. Mrs. Noon was taken to Jackson Memorial Hospital by ambulance, where she was pronounced dead on July 9, 2017.

Plaintiff claims wrongful death damages pursuant to Florida's Wrongful Death Act.

Burden of Proof:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendant on opposite sides of balancing scales, Plaintiff needs to make the scales tip to his side. If Plaintiff fails to meet this burden, you must find in favor of the Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise- consider the testimony of all witnesses, regardless of who called them, and all exhibits that the Court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the Jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, Instagram and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiff will present his witnesses and ask them questions. After the Plaintiff questions the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness. Then the Defendant will present its witnesses, and the Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.1

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**PROPOSED JURY INSTRUCTION NO. 3**

**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters or translators. It is important that all jurors consider the same evidence. So even if some of you know any other language spoken, you must accept the English interpretation and/or translation provided and disregard any different meaning.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.3

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 4**
**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.4

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 5**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Authority: Eleventh Circuit Pattern Instruction 2.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 6**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of __________________________ was taken on _________________. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.2

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 7**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 1.5

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 8**

**Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

Authority: Eleventh Circuit Pattern Instruction 2.4

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 9**

**Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Authority: Eleventh Circuit Pattern Instruction 2.5

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 10**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [________________] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [_____________] gave the answers in writing while under oath.

You must consider [_____________]'s answers to as though [[_______________] gave the answers on the witness stand.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 2.6

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

## PROPOSED JURY INSTRUCTION NO. 11

### Limiting Instruction - Karen Noon's Medical History

Evidence of Mrs. Noon's history of smoking cigarettes as a cause of COPD, history of Type 2 diabetes, or history of other medical conditions predating her July 2017 cruise on the Carnival Sensation may not be considered as evidence of Mrs. Noon's alleged comparative negligence or failure to mitigate damages, nor as an independent cause of her death. Mrs. Noon's medical history may be considered by you as it may relate to her life expectancy.

Authority: Proposed per discussion with the Court at Calendar Call - Defendant objects

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

## PROPOSED JURY INSTRUCTION NO. 12

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.2.2

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

## PROPOSED JURY INSTRUCTION NO. 13

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.3

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 14**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.4

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 15**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.5.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 16**

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.6.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 17**

**Expert Witness - When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.6.2

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

## PROPOSED INSTRUCTION NO. 18

### Burden of Proof - Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for Carnival as to that claim.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.7.1

GRANTED ___________

DENIED ___________

MODIFIED ___________

WITHDRAWN ___________

**PROPOSED JURY INSTRUCTION NO. 19**

**Responsibility for Proof – Affirmative Defenses**
**Preponderance of the Evidence**

*In this case, Defendant Carnival asserts the affirmative defenses of Karen Noon's comparative negligence and her failure to mitigate damages.* Even if the Plaintiff proves a claim by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff’s claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.7.2. Plaintiff's objections are noted in italics.

GRANTED ____________

DENIED ____________

MODIFIED ____________

WITHDRAWN ____________

**PROPOSED JURY INSTRUCTION NO. 20**

**Duty of Ship Operator**

A passenger cruise ship is a common carrier and therefore owes a special duty to its passengers. The operator of a cruise ship owes duties to its passengers: 1) to take reasonable action to protect them against unreasonable risk of physical harm; 2) to give them first aid after it knows or has reason to know that they are ill or injured; and 3) to care for them until they can be cared for by others.

A ship operator that undertakes, gratuitously or for consideration, to render services to a passenger which the operator should recognize as necessary for the protection of the passenger is subject to liability to the passenger or passenger's estate for physical harm resulting from a failure to exercise reasonable care to perform the undertaking, if

(a) the failure to exercise such care increases the risk of harm to the passenger, or

(b) the harm is suffered because of the passenger's reliance upon the undertaking.

Authority: *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 410 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); Restatement (Second) of Torts, §323; Restatement (Second) of Torts, §314A(1)(a)-(b); Report and Recommendation of November 6, 2019 (DE 77) at 17. Defendant's objections are noted by underlining.

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 21**

**Negligence and Comparative Negligence**

In this case, Plaintiff claims that Defendant Carnival's crewmembers were negligent and that such negligence was a legal cause of damage sustained by Plaintiff. Specifically, Plaintiff alleges that Karen Noon's death was caused by Carnival's crewmembers' alleged failure to provide Karen Noon with aid or assistance or to obtain medical care for her in response to the July 8, 2017 call to retrieve the oxygen concentrator, which had been loaned to her.

In order to prevail on this claim, the Plaintiff must prove the following facts by a preponderance of the evidence:

First: That Defendant Carnival's crewmembers owed Karen Noon a duty of care to provide her with aid or assistance;

Second: That Defendant Carnival's crewmembers breached that duty and were "negligent";

Third: That such negligence was a "legal cause" of Karen Noon's death; and

Fourth: That Plaintiff Randall Noon suffered the loss of Karen Noon's companionship and protection; sustained mental pain and suffering; and/or paid Karen Noon's medical and funeral expenses.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

*A cruise line is not liable to its passengers as an insurer, but only for its negligence. As to the duty element, a cruise line only has a duty to provide aid or assistance to a passenger if it is placed on notice of the specific risk-creating condition which requires such aid or assistance.*

"Negligence" is the failure to use reasonable care. Reasonable care is the degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence, the injury would not have occurred.

Negligence may be a legal cause of injury even though it operates in combination with the act of another, some natural cause or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If the preponderance of the evidence does not support any of Plaintiff's claims, then your verdict should be for Defendant Carnival. *If, however, a preponderance of the evidence does support one or more of Plaintiff's claims, you will then consider the defense raised by Carnival.*

*Defendant contends that Karen Noon was herself negligent and that such negligence was a legal cause of her death. This is a defensive claim and the burden of proving that claim, by the greater weight of the evidence, is upon Carnival, which must establish:*

*First: That Karen Noon was "negligent"; and*

*Second: That such negligence was a "legal cause" of Karen Noon's death.*

*In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.*

*Finding in favor of Defendant Carnival on this defense will not prevent recovery by Plaintiff; it will only reduce the amount of any recovery by Plaintiff. In other words, if you find that Karen Noon's death was due partly to her own fault- that Karen Noon's negligence was, for example, 50% responsible for Plaintiff's damages - then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiff from recovering; the Court will merely reduce Plaintiff's total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Karen Noon was negligent, you might 1% or 99%.*

If the evidence proves negligence on the part of Carnival that was a legal cause of damage to Plaintiff, you should only consider that following elements of compensatory damage to award Plaintiff, to the extent you find them/it proved by a preponderance of the evidence, and no others.

(1) Plaintiff Randall Noon's loss of Karen Noon's companionship and protection, and his mental pain and suffering as a result of Karen Noon's death. In determining the duration of the losses, you may consider the joint life expectancy of Karen Noon and Randall Noon, together with the other evidence in the case.

(2) Medical expenses due to Karen Noon's injury that were paid by Randall Noon.

(3) Funeral expenses due to Karen Noon's death paid by Randall Noon.

*Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Defendant Carnival. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.*

Authority: Eleventh Circuit Pattern Instruction 8.1 (adapted); Florida Standard Jury Instruction 502.2 (d),(g), (h) (modified); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012); *Martins v. Royal Caribbean Cruises, Ltd.*, 216 F.Supp.3d 1347, 1368-72 (S.D. Fla. 2016); *Carlson v. Fedex Ground Package Systems*, 787 F.3d 1313 (11th Cir. 2015); *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1236 (11th Cir. 2014); *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011); *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003); *Wolf v. Celebrity Cruises, Inc.*, 101 F.Supp. 3d 1298, 1307 (S.D. Fla. 2015). Plaintiff's objections are noted in italics.

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 22**

**Separate Awards for Estate and Survivors**

Any damages that you find were sustained by decedent's estate and by Randall Noon shall be separately stated in your verdict.

Authority: Florida Standard Jury Instruction 502.3

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 23**

**Damages not affected by Comparative Negligence**

In determining the total amount of damages to Karen Noon's estate and survivors as a result of her injury and death, you should not make any reduction because of the negligence, if any, of Karen Noon or any other person. The court in entering judgment will make any appropriate reduction.

Authority: Florida Standard Jury Instruction 502.5

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 24**

**Duty to Mitigate**

*You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce of minimize the loss or damage.*

Authority: Eleventh Circuit Pattern Instruction - Supplemental Damages Instruction 1.1. Plaintiff's objections noted in italics.

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 25**

**Duty to Mitigate- Pursuing Medical Care**

*Karen Noon also had a duty to minimize damages by following the expert recommendations of the physicians. In other words, a person who has suffered injury by reason of a defendant's negligence is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and to follow reasonable programs of medical care or treatment to restore or correct the injured condition. Failure of Karen Noon to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided.*

Authority: Eleventh Circuit Pattern Instruction - Supplemental Damages Instruction 1.2. Plaintiff's objections noted in italics.

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 26**

**Mortality Tables - Actuarial Evidence - Life Expectancy**

If a preponderance of the evidence shows that Defendant Carnival's negligence was a "legal cause" of Karen Noon's death, you may consider Karen Noon's life expectancy at the time of her death. The mortality tables received in evidence may be considered in determining how long Karen Noon may have been expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with other evidence in the case bearing on Karen Noon's own health, age occupation and physical condition, before and after the injury, in determining the probable length of Karen Noon's life.

Authority: Eleventh Circuit Pattern Instruction - Supplemental Damages Instruction 3.1 (modified)

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 27**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Mr. Noon's damages should not be interpreted in any way as an indication that I believe that Mr. Noon should or should not prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.8.1

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

**PROPOSED JURY INSTRUCTION NO. 28**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: Eleventh Circuit Civil Pattern Jury Instruction 3.9

GIVEN __________

DENIED __________

MODIFIED __________

WITHDRAWN __________

Dated: January 31, 2020
Miami, Florida

**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Tel (305) 371-6000
Fax (305) 371-5749

*/s/ **Philip Gerson***
**Philip Gerson, Esq.**
Counsel for Plaintiff
Fla. Bar No. 127290

**FOWLER WHITE BURNETT, P.A.**
1395 Brickell Avenue - 14th Floor
Miami, Florida 33131
Tel (305) 789-9200
Fax (305) 789-9201

*/s/**Christopher E. Knight***
**Christopher E. Knight, Esq.**
Counsel for Defendant
Fla. Bar No. 607363
**Katina M. Hardee**
Fla. Bar No. 0016069